UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HORACE COLSTON,

    Plaintiff,

vs.                                Case No.:

INTEEL CORP., a Georgia For-Profit Corporation

    Defendant.             /

## PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, HORACE COLSTON ("Plaintiff"), by and through the undersigned counsel, and files Plaintiff's Complaint against Defendant, INTEEL CORP., a Georgia For-Profit Corporation ("INTEEL"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim for Unpaid Overtime brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover overtime wages, an additional and equal amount in liquidated damages, and attorneys' fees and costs.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §

2201.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Orange County, Florida.

5. At all times material hereto, Defendant INTEEL was, and continues to be, a Georgia For-Profit Corporation. Further, at all times material hereto, Defendant INTEEL was, and continues to be, engaged in business as a technical engineering and drafting firm in Georgia and a principle place of business located in Fayette County, Georgia.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Used channels of commerce;

    c. Communicated across state lines; and/or

      d. Performed work essential to any of the preceding activities.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA and Defendant continues to be an "employer" within the meaning of FLSA.

10. At all times material hereto, Defendant INTEEL was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. Defendant hired Plaintiff to work as a non-exempt, salary paid blueprint drafter from March 2012 through April 2013.

14. Plaintiff was paid $28.00 per hour for his work.

15. Plaintiff's job was to detail, draft and model blueprints for structural steel products for Defendant's customers.

16. From at least March 2012 and continuing through April 2013,

Defendant failed to properly compensate Plaintiff. He received no premium compensation at a rate of one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours in the single work week. Plaintiff was only paid for 40 hours of work at his regular rate of pay. Plaintiff was not paid any additional compensation for any hours he worked over forty (40) in one work week.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

18. Defendant has violated Title 29 U.S.C. §207 from at least March 2012 and continuing through April 2013 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of his employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

19. Defendant's failure and/or refusal to properly compensate Plaintiff at

the rates and amounts required by the FLSA was willful.

20. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

21. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT I
## UNPAID OVERTIME WAGES

22. Plaintiff realleges and incorporates paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. From at least March 2012 and continuing through March 2013, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of his employment for which he was not compensated at the statutory rate of one and one half times Plaintiff's regular rate of pay.

24. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours each work week.

25. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

26. Defendant's actions were willful and/or showed reckless disregard for

the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is, due.

27. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

28. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

29. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLATORY RELIEF

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a

federal question exists.

32. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

33. Plaintiff may obtain declaratory relief.

34. Defendant employed Plaintiff.

35. Defendant is an enterprise covered by the FLSA.

36. Plaintiff was individually covered by the FLSA.

37. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

38. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

39. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

40. The damages suffered by Plaintiff are ongoing.

41. Plaintiff will suffer future damages for which there is no adequate remedy at law.

42. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

43. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and

settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

44. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff, respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this __11__ day of November, 2013.

Respectfully Submitted,

_/s/ Todd Maziar_
Todd K. Maziar, Esquire
GA Bar No.: 479860
MORGAN & MORGAN, P.A.
P.O. Box 57007
Atlanta, GA 30303
Tel: 404-318-0268
Fax: 404-965-8812
E-mail: tmaziar@forthepeople.com

*Trial Counsel for Plaintiff*